**Paula A. Barran,** OSB No. 80397
**Richard C. Hunt**, OSB No. 68077
pbarran@barran.com
rhunt@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon  97204-3159
Telephone: (503) 228-0500
Facsimile:  (503) 274-1212

Attorneys for Defendant NW Natural

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| QUINTIN J. ANDREWS, SR., | CV. CV 02 1110-AS |
| Plaintiff, | |
| v. | **ANSWER OF DEFENDANT NW NATURAL** |
| NW NATURAL and OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION and OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 11, | |
| Defendants. | |

Defendant NW Natural for answer to plaintiff's complaints state as follows:

1.

Defendant admits paragraphs 4, 5, 6, and 8 of the complaint.

Page 1 - ANSWER OF DEFENDANT NW NATURAL

2.

Answering paragraph 1, defendant admits that plaintiff has accurately described the nature of the action he brings but denies the implication that plaintiff has a claim for relief.

3.

Answering paragraph 2, defendant admits that this court has jurisdiction of plaintiff's claims and that venue is proper but denies the implication that plaintiff has a claim for relief.

4.

Answering paragraph 3, defendant admits that plaintiff is a former employee. Defendant is without sufficient knowledge as to whether plaintiff continues in membership with defendant unions and for that reason denies the remaining allegations of paragraph 3.

5.

Answering paragraph 7, defendant states that on or about December 21, 2001 it terminated plaintiff's employment. Defendant denies that the termination was without cause or just cause and it states further that defendant learned through independent sources that plaintiff was a registered sex offender with a history of violent criminal behavior, and that he withheld that information from defendant at the time of his application, and that he affirmatively misrepresented his background to defendant.

6.

Answering paragraph 9, defendant states that it is without sufficient knowledge to admit or deny the date on which plaintiff became aware that defendant unions would not request arbitration of his grievance and for that reason denies paragraph 9.

7.

Defendant denies the remaining allegations of plaintiff's complaint except as expressly admitted above.

Page 2 - ANSWER OF DEFENDANT NW NATURAL

00016757.DOC /

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
(503) 228-0500

FIRST AFFIRMATIVE DEFENSE

8.

On information and belief, defendant asserts that plaintiff knew or should have known of the union defendants' decision not to process his grievance to arbitration prior to February 14, 2002 and that his claims are therefore untimely.

SECOND AFFIRMATIVE DEFENSE

9.

Even if defendant did not have cause or just cause to terminate plaintiff's employment, it discovered facts sufficient to place it on notice that plaintiff had a record of violent criminal acts, particularly towards women, and that plaintiff represented a risk to the general public so that plaintiff would not have been hired had defendant been aware of that information at the time he was considered for employment.

THIRD AFFIRMATIVE DEEFNSE

10.

Plaintiff's failure to inform defendant of his violent criminal history and withholding that information from defendant during the application process, constitutes a prior material breach of any agreement.

FOURTH AFFIRMATIVE DEFENSE

11.

Defendant unions did not breach their duty of fair representation of plaintiff and plaintiff is thereby barred from any relief for breach or alleged breach of the bargaining agreement.

FIFTH AFFIRMATIVE DEFENSE

12.

Plaintiff has failed to state a claim upon which relief can be granted.

Page 3 - ANSWER OF DEFENDANT NW NATURAL

00016757.DOC /

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
(503) 228-0500

## SIXTH AFFIRMATIVE DEFENSE

13.

Plaintiff has failed to mitigate his damages if any.

## SEVENTH AFFIRMATIVE DEFENSE

14.

The injuries and damages, if any, claimed by plaintiff were proximately caused or contributed to by the fault, actions, and omissions of plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

15.

The result of the issue resolution grievance procedure is final and binding upon plaintiff.

## NINTH AFFIRMATIVE DEFENSE

16.

Because there is no violation of any duty to fairly represent plaintiff, plaintiff's exclusive remedy is through the grievance and arbitration procedure of the applicable bargaining agreement, which is the exclusive remedy for the wrongs alleged.

WHEREFORE, having fully answered plaintiff's complaint, defendant prays for judgment in its favor dismissing plaintiff's claims with prejudice and granting defendant its costs and disbursements herein.

DATED this 17th day of September, 2002.

BARRAN LIEBMAN LLP

By /s/Paula A. Barran
   Paula A. Barran, OSB No. 80397
   Richard C. Hunt, OSB No. 68077
   Telephone: (503) 228-0500
Attorneys for Defendant NW Natural

Page 4 - ANSWER OF DEFENDANT NW NATURAL

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September, 2002, I served the foregoing **ANSWER** on the following parties at the following addresses:

Kevin N. Keaney (via e-mail)
Attorney at Law
825 NE Multnomah, Suite 960
Portland, Oregon  97232
    Attorney for Plaintiff

Gene B. Mechanic (via First Class Mail)
Goldberg, Mechanic, Stuart & Gibson LLP
621 S.W. Morrison, Suite 1450
Portland, Oregon  97205
    Attorney for Defendants Office and Professional Employees International Union and Office and Professional Employees International Union Local 11

By causing the same to be delivered as indicated above to them a true and correct copy thereof.

        /s/Paula A. Barran
        Paula A. Barran

Page 5 - ANSWER OF DEFENDANT NW NATURAL